JAP:DCP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DIDIER PIERRE-LOUIS,

    Defendant.

- - - - - - - - - - - - - - - - X

**13 M 321**

C O M P L A I N T

(18 U.S.C. § 1029(a)(3))

EASTERN DISTRICT OF NEW YORK, SS:

    Jason Levine, being duly sworn, deposes and states that he is a Special Agent with the United States Secret Service, duly appointed according to law and acting as such.

    Upon information and belief, on or about April 11, 2013, within the Eastern District of New York and elsewhere, the defendant DIDIER PIERRE-LOUIS did knowingly and with intent to defraud possess fifteen or more counterfeit access devices, to wit: 23 counterfeit credit cards.

    (Title 18, United States Code, Section 1029(a)(3)).

    The source of your deponent's information and the grounds for your deponent's belief are as follows:[1]

    1.    I have been a Special Agent with the United States Secret Service ("USSS") for approximately three years. My

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

knowledge of this case is based upon my participation in the investigation, review of the files, and discussions with other agents.

2. On or about April 11, 2013, the defendant DIDIER PIERRE-LOUIS, arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, with a ticket to board Cayman Airways flight 793 to Owen Roberts International Airport in the Cayman Islands.

3. As the defendant DIDIER PIERRE-LOUIS was about to board Cayman Airways flight 793, he was stopped for a Customs examination by Customs and Border Patrol Officers. Agents from the USSS and the Department of Homeland Security, Homeland Security Investigations were present during the examination. The defendant presented his luggage to a Customs inspector for inspection and confirmed that the luggage belonged to him. The defendant also presented a wallet that he was carrying on his person.

4. An examination of the wallet revealed 24 credit cards, 20 bearing the name "David Johnson," 3 bearing the name "Didier Louis" and one bearing the name "Pierre-Louis Didier." The wallet also contained two driver's licenses: (i) a Pennsylvania State Driver's License bearing the name of "David Johnson," ID# 69 486 931 and (ii) a New York State Driver's

3

License bearing the name "Didier Pierre-Louis," ID# 919 375 878.[2/]

    5.    The defendant DIDIER PIERRE-LOUIS was placed under arrest.  Subsequent to the reading of his <u>Miranda</u> warnings, the defendant agreed to answer questions without an attorney present and cooperate with Secret Service agents.  The defendant DIDIER PIERRE-LOUIS then stated, in sum and substance and in part, that: (1) the twenty credit cards and Pennsylvania State Driver's License bearing the name "David Johnson" were counterfeit; (2) the three credit cards bearing the name "Didier Louis" were also counterfeit; (3) he knew that the credit cards were counterfeit; (4) the credit card bearing the name "Pierre-Louis Didier" was genuine; (5) he had used counterfeit credit cards to make fraudulent purchases in the Turks and Caicos Islands in December 2012.

    6.    I am currently investigating the counterfeit status of each of the credit cards seized from the defendant.  As of today's date, I have confirmed that at least ten of the credit cards found in the defendant's luggage are counterfeit.

---

[2/]    My investigation has revealed that a New York State Driver's license bearing the same name and ID# was used as part of a series of fraudulent credit card transactions in the Turks and Caicos Islands in December 2012.

4

WHEREFORE, your deponent respectfully requests that the defendant DIDIER PIERRE-LOUIS be dealt with according to law.

_____
JASON LEVINE
Special Agent
United States Secret Service

Sworn to before me this
11th day of April, 2013

_____
THE HO[N]
UNITED [STATES ... J]UDGE
EASTER[N ... YO]RK